[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Tax Review from the City of Milford and it is taken pursuant to P.A. 91-221. The plaintiff, Lorraine W. Trueman, was the owner of real property located in the City of Milford, County of New Haven, State of Connecticut and located at 847 East Broadway.
As of October 1, 1991 the assessor of the City of Milford valued the property at $262,900, which is 100% value; the 70% value is $184,030.
The plaintiff had a hearing and the fair market value was reduced to $258,900 and the 70% value would be $181,230. The plaintiff claims it was grossly excessive. The plaintiff seeks to reduce the assessed value of the subject property as of October CT Page 10128 1, 1991 by way of payment or tax credit.
The City of Milford utilized two bases for their computation The city assessor used a comparative sales approach and the city's witness, an accredited assessor, used a cost approach comparison The value of the dwelling on the property was listed at $31,900 which was 100% valuation.
The court can find no argument with that price as this property was located on the water and seemed to have at the very least the value of $31,900. The court admits that this dwelling was a cottage without heat but had sufficient bedrooms, a bathroom, a wraparound porch and was located on the waterfront, and felt the value of $31,900 was fair and equitable. However in 1991, the assessors reduced the property to $258,900. Then in 1994, it was re-evaluated to $254,400 giving them a substantial decrease in the total assessment because they discovered the outlet to the ocean was a mere 13 feet. The original estimate of the outlet was of much greater proportion to the outlet. The court feels a reduction granted by the city was hardly sufficient to constitute a fair reduction. The property had been reduced from 90 feet to 13 feet as an outlet. The amount of the lineal foot deduction from the property was in the court's opinion insufficient therefore the court further reduces the fair market value of the property to $255,900. The reason for the reduction of $3,000 constitutes what in the court's opinion is a fair adjustment. The court makes no adjustment for the building as the court deems $31,900 to be fair and equitable. The 100% value is therefore reduced from $258,900 to $255,900, without costs.
Philip E. Mancini, Jr. Judge Trial Referee